UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-20341-CR-ALTMAN/SANCHEZ

18 U.S.C. § 373
18 U.S.C. § 2261A(1)
18 U.S.C. § 924(o)
18 U.S.C. § 924(c)(1)(A)(iii)
18 U.S.C. § 1958(a)
18 U.S.C. § 1503(a)
18 U.S.C. § 924(d)(1)
18 U.S.C. § 981(a)(1)(C)

FILED BY  MP  D.C.

Aug 7, 2024

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - Miami

UNITED STATES OF AMERICA

v.

ROLANDO RAMIREZ,
RASHEED ALI, a/k/a "Fresh," and
TAMRAT MASON, a/k/a "Shifta,"

Defendants.
_____/

### INDICTMENT

The Grand Jury charges:

### COUNT 1
**Solicitation To Commit a Crime of Violence**
**18 U.S.C. § 373**

Beginning in or around 2017, the exact date being unknown to the Grand Jury, and continuing through and including on or about August 27, 2019, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**ROLANDO RAMIREZ,**
**and**
**RASHEED ALI, a/k/a "Fresh,"**

with intent that another person engage in conduct constituting a felony that has an element the use,

attempted use, and threatened use of physical force against property and against the person of another in violation of the laws of the United States, to wit: the crime charged in Count 2 as charged in this Indictment and under circumstances strongly corroborative of that intent, solicited, commanded, induced, and otherwise endeavored to persuade such other persons to engage in such conduct, in violation of Title 18, United States Code, Section 373.

## COUNT 2
### Interstate Stalking
### 18 U.S.C. § 2261A(1)

From on or about August 20, 2019, continuing through on or about August 27, 2019, in Miami-Dade County, in the Southern District of Florida and elsewhere, the defendants,

**ROLANDO RAMIREZ,**
**and**
**RASHEED ALI, a/k/a "Fresh,"**

did willfully induce and procure Jaime Serrano and Julian Jimenez to travel in interstate commerce, that is, from the State of New York to the State of Florida, with the intent to kill, injure, harass, and intimidate, and place under surveillance with intent to kill, injure, harass, and intimidate another person, that is, Victim 1, and in the course of, and as a result of, such travel engaged in conduct that placed Victim 1, and his spouse, and an immediate family member of Victim 1, in reasonable fear of death and serious bodily injury to Victim 1, in violation of Title 18, United States Code, Sections 2261(A)(1)(i-iii) and 2.

## COUNT 3
### Conspiracy to Use and Carry a Firearm During a Crime of Violence
### 18 U.S.C. § 924(o)

Beginning in or around 2017, the exact date being unknown to the Grand Jury, and continuing through and including on or about August 27, 2019, in Miami-Dade County, in the Southern District of Florida and elsewhere, the defendants,

2

**ROLANDO RAMIREZ,**
**and**
**RASHEED ALI, a/k/a "Fresh,"**

did knowingly and willfully combine, conspire, confederate, and agree with each other and with others known to the Grand Jury, to use and carry a firearm during and in relation to a crime of violence, and to possess a firearm in furtherance of a crime of violence, an offense for which the defendants may be prosecuted in a court of the United States, that is, a violation of Title 18, United States Code, Section 2261A(1), as charged in Count 2 of this Indictment, in violation of Title 18, United States Code, Section 924(c)(1)(A); all in violation of Title 18, United States Code, Section 924(o).

**COUNT 4**
**Discharging a Firearm in Furtherance of a Crime of Violence**
**18 U.S.C. § 924(c)(1)(A)(iii)**

Between on or about August 24, 2019, and continuing through on or about August 27, 2019, in Miami-Dade County, in the Southern District of Florida and elsewhere, the defendants,

**ROLANDO RAMIREZ,**
**and**
**RASHEED ALI, a/k/a "Fresh,"**

did knowingly use and carry a firearm during and in relation to a crime of violence, and did knowingly possess a firearm in furtherance of a crime of violence, an offense for which the defendants may be prosecuted in a court of the United States, that is, a violation of Title 18, United States Code, Section 2261A(1), as charged in Count 2 of this indictment, in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.

Pursuant to Title 18, United States Code, Section 924(c)(1)(A)(iii), it is further alleged that the firearm was discharged.

## COUNT 5
### Murder for Hire Conspiracy
### 18 U.S.C. § 1958(a)

Beginning in or around 2017, an exact date being unknown to the Grand Jury, and continuing through and including on or about August 27, 2019, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**ROLANDO RAMIREZ,**
**and**
**RASHEED ALI, a/k/a "Fresh,"**

did knowingly and intentionally conspire with others known to the Grand Jury to use and cause another to use a facility of interstate and foreign commerce, with intent that the murder of Victim 1 be committed, in violation of laws of the State of Florida, as consideration for the receipt of, and as consideration for a promise and agreement to pay, something of pecuniary value, in violation of Title 18, United States Code, Section 1958(a).

## COUNT 6
### Murder for Hire
### 18 U.S.C. § 1958(a)

Beginning in or around 2017, an exact date being unknown, and continuing through and including on or about August 27, 2019, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**ROLANDO RAMIREZ,**
**and**
**RASHEED ALI, a/k/a "Fresh,"**

did knowingly and intentionally use, and cause another to use, a facility of interstate and foreign commerce, with intent that the murder of Victim 1 be committed, in violation of the laws of the State of Florida, as consideration for the receipt of, and as consideration for a promise and

agreement to pay, something of pecuniary value, in violation of Title 18, United States Code, Sections 1958(a) and 2.

## COUNT 7
## Obstruction of Justice
## 18 U.S.C. § 1503(a)

On or about August 10, 2022, and continuing through on or about December 9, 2023, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**ROLANDO RAMIREZ,**
**RASHEED ALI, a/k/a "Fresh"**
**and**
**TAMRAT MASON, a/k/a "Shifta,"**

did knowingly and intentionally hinder, delay, and prevent the communication to a law enforcement officer of the United States of information relating to the commission or possible commission of a Federal offense as set forth in Counts 1-6 of this Indictment, in violation of Title 18, United States Code, Section 1512(a)(l)(C).

## FORFEITURE ALLEGATIONS

1. The allegations of this Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendants, **ROLANDO RAMIREZ**, **RASHEED ALI**, and **TAMRAT MASON**, have an interest.

2. Upon conviction of a violation of Title 18, United States Code, Sections 924(c) or a conspiracy to commit a violation of Title 18, United States Code, Section 924(c), that is, Title 18, United States Code, Section 924(o), or any other criminal law of the United States, as alleged in this Indictment, the defendant shall forfeit to the United States any firearm and ammunition involved in or used in the commission of such offense, pursuant to Title 18, United States Code, Section 924(d)(1).

5

3.  Upon conviction of a violation, or conspiracy to commit a violation, of Title 18, United States Code, Section 1958, or conviction of a violation of Title 18, United States Code, Section 1503, as alleged in this Indictment, the defendants shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to such offense, pursuant to Title 18, United States Code, Section 981(a)(1)(C).

All pursuant to Title 18, United States Code Sections 981(a)(1)(C) and 924(d)(1), and the procedures set forth in Title 21, United States Code, Section 853, as incorporated by Title 28, United States Code, Section 2461(c).

A TRUE BILL

███████████████
FOREPERSON

_____
MARKENZY LAPOINTE
UNITED STATES ATTORNEY

_____
MICHAEL GILFARB
ASSISTANT UNITED STATES ATTORNEY

_____
ABBIE D. WAXMAN
ASSISTANT UNITED STATES ATTORNEY

6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

ROLANDO RAMIREZ, et al.,

_____ /
Defendants.

CASE NO.: 24-20341-CR-ALTMAN/SANCHEZ

**CERTIFICATE OF TRIAL ATTORNEY**

**Superseding Case Information:**
New Defendant(s) (Yes or No) _____
Number of New Defendants _____
Total number of new counts _____

**Court Division** (select one)
☒ Miami    ☐ Key West    ☐ FTP
☐ FTL      ☐ WPB

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.
2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. §3161.
3. Interpreter: (Yes or No) No
   List language and/or dialect: _____
4. This case will take  15  days for the parties to try.
5. Please check appropriate category and type of offense listed below:

   (Check only one)                    (Check only one)
   I    ☐ 0 to 5 days                  ☐ Petty
   II   ☐ 6 to 10 days                 ☐ Minor
   III  ☒ 11 to 20 days                ☐ Misdemeanor
   IV   ☐ 21 to 60 days                ☒ Felony
   V    ☐ 61 days and over

6. Has this case been previously filed in this District Court? (Yes or No)  No
   If yes, Judge _____ Case No. _____
7. Has a complaint been filed in this matter? (Yes or No)  No
   If yes, Magistrate Case No. _____
8. Does this case relate to a previously filed matter in this District Court? (Yes or No)  Yes
   If yes, Judge  Roy K. Altman  Case No.  22-CR 20389
9. Defendant(s) in federal custody as of _____
10. Defendant(s) in state custody as of _____
11. Rule 20 from the _____ District of _____
12. Is this a potential death penalty case? (Yes or No)  No
13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No)  No
14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss? (Yes or No)  No
15. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023?  No
16. Did this matter involve the participation of or consultation with now Magistrate Judge Marta Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024?  No

By: /s/ Abbie D. Waxman
ABBIE D. WAXMAN
Assistant United States Attorney
FL Bar No.    109315

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**:  **ROLANDO RAMIREZ**

**Case No**: _____

Count #: 1

Solicitation to Commit a Crime of Violence
Title 18, United States Code, Section 373

* **Max. Term of Imprisonment: 20 years**
* **Mandatory Min. Term of Imprisonment (if applicable): N/A**
* **Max. Supervised Release: 3 years**
* **Max. Fine:  $250,000**

Count #: 2

Stalking

Title 18, United States Code, Section 2261A
* **Max. Term of Imprisonment: 10 years**
* **Mandatory Min. Term of Imprisonment (if applicable): N/A**
* **Max. Supervised Release: 3 years**
* **Max. Fine: $250,000**

Count #: 3

Conspiracy to Use and Carry a Firearm During a Crime of Violence
Title 18, United States Code, Section 924(o)

* **Max. Term of Imprisonment: 20**
* **Mandatory Min. Term of Imprisonment (if applicable): N/A**
* **Max. Supervised Release: 3 years**
* **Max. Fine:  $250,000**

*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

Count #: 4

Discharging a Firearm in Furtherance of a Crime of Violence

Title 18, United States Code, Section 924(c)(1)(A)(iii)
* **Max. Term of Imprisonment: Life**
* **Mandatory Min. Term of Imprisonment (if applicable): 10 years**
* **Max. Supervised Release: 5 years**
* **Max. Fine: $250,000**

Count #: 5

Murder for Hire Conspiracy

Title 18, United States Code, Section 1958
* **Max. Term of Imprisonment: Life**
* **Mandatory Min. Term of Imprisonment (if applicable): N/A**
* **Max. Supervised Release: 5 years**
* **Max. Fine: $250,000**

Count #: 6

Murder for Hire

Title 18, United States Code, Section 1958
* **Max. Term of Imprisonment: Life**
* **Mandatory Min. Term of Imprisonment (if applicable): N/A**
* **Max. Supervised Release: 5 years**
* **Max. Fine: $250,000**

Count #: 7

Obstruction of Justice

Title 18, United States Code, Section 1503(a)
* **Max. Term of Imprisonment: 10 years**
* **Mandatory Min. Term of Imprisonment (if applicable): N/A**
* **Max. Supervised Release: 3 years**
* **Max. Fine: $250,000**

\*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** **RASHEED ALI**

**Case No:** _____

Count #: 1

Solicitation to Commit a Crime of Violence
Title 18, United States Code, Section 373

* **Max. Term of Imprisonment: 20 years**
* **Mandatory Min. Term of Imprisonment (if applicable): N/A**
* **Max. Supervised Release: 3 years**
* **Max. Fine: $250,000**

Count #: 2

Stalking

Title 18, United States Code, Section 2261A
* **Max. Term of Imprisonment: 10 years**
* **Mandatory Min. Term of Imprisonment (if applicable): N/A**
* **Max. Supervised Release: 3 years**
* **Max. Fine: $250,000**

Count #: 3

Conspiracy to Use and Carry a Firearm During a Crime of Violence
Title 18, United States Code, Section 924(o)

* **Max. Term of Imprisonment: 20**
* **Mandatory Min. Term of Imprisonment (if applicable): N/A**
* **Max. Supervised Release: 3 years**
* **Max. Fine: $250,000**

*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

Count #: 4

Discharging a Firearm in Furtherance of a Crime of Violence

Title 18, United States Code, Section 924(c)(1)(A)(iii)
* **Max. Term of Imprisonment: Life**
* **Mandatory Min. Term of Imprisonment (if applicable): 10 years**
* **Max. Supervised Release: 5 years**
* **Max. Fine: $250,000**

Count #: 5

Murder for Hire Conspiracy

Title 18, United States Code, Section 1958
* **Max. Term of Imprisonment: Life**
* **Mandatory Min. Term of Imprisonment (if applicable): N/A**
* **Max. Supervised Release: 5 years**
* **Max. Fine:  $250,000**

Count #: 6

Murder for Hire

Title 18, United States Code, Section 1958
* **Max. Term of Imprisonment: Life**
* **Mandatory Min. Term of Imprisonment (if applicable): N/A**
* **Max. Supervised Release: 5 years**
* **Max. Fine:  $250,000**

Counts #: 7

Obstruction of Justice

Title 18, United States Code, Section 1503(a)
* **Max. Term of Imprisonment: 10 years**
* **Mandatory Min. Term of Imprisonment (if applicable): N/A**
* **Max. Supervised Release: 3 years**
* **Max. Fine:  $250,000**

*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:**   <u>TAMRAT MASON</u>

**Case No**: _____

Count #: 7

Obstruction of Justice

Title 18, United States Code, Section 1503(a)
* **Max. Term of Imprisonment: 10 years**
* **Mandatory Min. Term of Imprisonment (if applicable): N/A**
* **Max. Supervised Release: 3 years**
* **Max. Fine:  $250,000**

*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.