UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

UNITED STATES OF AMERICA,

 Plaintiffs,          CASE NO.: 24-CR-20341-RKA

v.

ROLANDO RAMIREZ,
and RASHEED ALI, and
TAMRAT MASON,

 Defendants.
_____/

**DEFENDANT ROLANDO RAMIREZ'S MEMORANDUM
ON CERTAIN ARGUMENTS IN SUPPORT OF THE
RULE 29 MOTION FOR JUDGMENT OF ACQUITTAL**

 COMES NOW, the Defendant, Rolando Ramirez, by and through Philip L. Reizenstein, Esq., Reizenstein and Kadiwar, P.A., and hereby files this memorandum of law in support of this Court entering an Order granting Rolando Ramirez's Motion for Judgment of Acquittal:

 The defense points this Court to Part B, page 10[1] of *United States v. Hernandez,* 141 F.3d 1042 (11th Cir. 1998): "Whether There Was Evidence Sufficient For the District Court To Find That For The Purposes of 1b1.2 Walter Jr. Conspired To Commit Murder For Hire".

 On page 12, the Eleventh Circuit sets out the elements necessary for proof. Unlike the case before the Court, there is no witness testifying as to Mr. Ramirez's discussions with anyone about committing a murder for hire. The Government's argument is this:

> *Ramirez and Ali are Friends. Ramirez (defense does not concede that) threatened Vega in 2012; Ali knows Serrano; Serrano arranged for the shooting- thus from the Prosecution's perspective, Ramirez must have paid for this shooting.*

---

[1] Reference to Westlaw page numbers

The defense avers the law requires more.

We point the Court to pages 18-19 of *Hernandez*, holding that the language of the murder for hire statute "contemplates a quid pro quo (or at least a promise of such) between the parties to the transaction, the murderer and the solicitor." *Id.*

The facts in *Hernandez* are inapposite to the facts of Mr. Ramirez's case: the motive was established in *Hernandez,* and thus the court affirmed the conviction: "because in the murder for hire context of 1958, it is the **motive** of the murderers that is relevant to whether the murder occurred in return for a promise to pay something of pecuniary value. Because there was sufficient evidence for the jury to infer that Antonio Sr. and Antonio Jr. killed Orlando for money...the convictions ...are due to be affirmed." *Id.* at 1057 (Westlaw pp. 18-19)(emphasis added).

We argue to the Court the lack of any evidence of an agreement between Mr. Ramirez and Mr. Ali. Friendship, even deep friendship and love, is not proof of an agreement for Mr. Ali to have Mr. Serrano arrange for Mr. Vega to be shot at the behest of Mr. Ramirez. This absence of evidence supports the granting of a judgment of acquittal.

In that vein, the defense argues that there has been no proof of a *quid pro quo* between Mr. Ramirez and Mr. Ali as various courts have required for proof to support a conviction. *See United States v. Phillips*, 929 F.3d 1120, 1125 (9th Cir. 2019) ("The Seventh Circuit also has repeatedly explained that § 1958 does not require anything more than a quid pro quo exchange of something of economic value for murder. *See, e.g.*, *United States v. Caguana*, 884 F.3d 681, 688 (7th Cir. 2018)"). There is no proof before this court and jury of an exchange of anything between Mr. Ramirez and Mr. Ali. Therefore, for the murder for hire count to survive past this stage, the prosecution must have shown evidence that **Mr. Ali** must have clearly understood he was receiving something of value from Ramirez to arrange for the killing of Mr. Serrano. *See United States v.*

2

*Chong*, 419 F.3d 1076, 1082 (9th Cir. 2005): "We agree with our sister circuits that there must be evidence that the hitmen clearly understood they would receive something of pecuniary value in exchange for performing the solicited murderous act. That evidence is lacking here." [2] In essence we argue that any proof that Mr. Serrano received money or something of value from Mr. Ali does not flow downward to Mr. Ramirez simply because of the friendship between Mr. Ali and Mr. Ramirez. The prosecution must show proof of Mr. Ramirez paying Mr. Ali to have criminal liability encompass Mr. Ramirez, especially since both Mr. Serrano and Agent Dreibelbis agreed there was neither payment by Mr. Ramirez to Mr. Serrano, nor even any contact. There is a complete absence of "an overt agreement" between Mr. Ali and Mr. Ramirez as the case law requires.[3]

> The government asks us to infer therefore that the $100 given to Casey was in exchange for the murder of Bike Ming.
> We decline to do so. The jury did not have sufficient evidence from which to find that the $100 constituted compensation for the murder-for-hire, given the absence of any overt agreement or understanding between Casey and Chong or Chong's co-conspirators. Even if the $100 could be sufficient consideration despite its de minimis amount, the evidence does not support the government's claim that this money was promised to Casey in return for murdering Bike Ming.

*United States v. Chong*, 419 F.3d at 1082.

---

[2] Because of the unique facts of this case, with Mr. Ali being between Mr. Serrano and Mr. Ramirez in the chain of potential criminal actors, the language in *Chong* that "the hitmen clearly understood they would receive something of pecuniary value" applies on these facts in this case to Mr. Ali *vis a vis* Mr. Ramirez. And there is no proof of any value being provided to Ali by Ramirez; nor is their proof of Ali understanding that he would receive anything of value from Mr. Ramirez.

[3] While not required, the defense further argues there is a complete lack of any inference of an agreement between Mr. Ramirez and Mr. Ali regarding the shooting of Mr. Vega. Just as Mr. Ali's alleged agreement with Mr. Serrano does not flow to Mr. Ramirez, Ramirez's alleged animus towards Mr. Vega does not prove criminal liability as to Mr. Ali without proof of an overt agreement.

      This memo, which is on one portion of our argument, is to give this Court the ability to preview and prepare for our full argument, and should not be a waiver of any other arguments on other counts.

Respectfully submitted,

S/ **_Philip L. Reizenstein, Esq._**
Reizenstein & Kadiwar, P.A.
*Attorneys for the Defendant Rolando Ramirez*
2828 Coral Way
Suite 540
Miami, FL, 33145
(305) 444-0755
Florida Bar # 634026
Phil@Reizensteinlaw.com
Service@Reizensteinlaw.com
